

# CT Corporation

**Service of Process Transmittal**
04/24/2019
CT Log Number 535359745

**TO:**     L&R Home Office Intake Unit
Allstate Insurance Company
3075 Sanders Rd Ste G4A
Northbrook, IL 60062-7119

**RE:**     **Process Served in Texas**

**FOR:**    ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | REYNALDO GONZALEZ, PLTF. vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, DFT. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition, Request(s), Interrogatories, Certificate(s), Attachment(s), Notice |
| **COURT/AGENCY:** | 111th Judicial District Court, Webb County, TX
Case # 2019CVH000330D2 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/24/2019 at 15:17 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | 05/15/2019 at 11:00 a.m. (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Lauren Spencer
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, TX 78232
210-490-7402 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/25/2019, Expected Purge Date: 04/30/2019

Image SOP

Email Notification,  L&R Home Office Intake Unit
 LawSOPIntakeUnitCT@allstate.com |
| **SIGNED:**
**ADDRESS:**


**TELEPHONE:** | C T Corporation System
1999 Bryan Street
Suite 900
Dallas, TX 75201
214-932-3601 |

Page 1 of  1 / RM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SERVE**

**2019CVH000330D2**

## CITATION

**THE STATE OF TEXAS**

**COUNTY OF WEBB**      **COURT DATE: 05/15/2019 AT 11:00 A.M.**

**NOTICE TO THE DEFENDANT**: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PLAINTIFF'S ORIGINAL PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:     ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
        BY SERVING: C T CORPORATION SYSTEM
        1999 BRYAN ST STE 900
        DALLAS TX  75201-3136              **OR WHEREVER ELSE IT MAY BE FOUND**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111th District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2019CVH000330D2, styled:

**REYNALDO GONZALEZ, PLAINTIFF**

**VS.**

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, DEFENDANT**

Said Plaintiff's Petition was filed on 02/19/2019 in said court by:

**LAUREN P SPENCER, ATTORNEY FOR PLAINTIFF**
**16500 SAN PEDRO SUITE 302**
**SAN ANTONIO TX  78232**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 22nd day of February, 2019.

**C  L  E  R  K     O  F     C  O  U  R  T**

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
    Arlene Gonzalez

2019CVH000330D2

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2019 at
_____      O'CLOCK        _____.M.        Executed        at
_____, within the COUNTY of _____
at      _____      O'CLOCK      ____.M.   on   the   _____   day   of
_____, 2019, by delivering to the within named
**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** each, in
person, a true copy of this citation together with the
accompanying copy of the petition, having first attached such
copy of such petition to such copy of citation and endorsed on
such copy of citation the date of delivery.

The distance actually travelled by me in serving such process
was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____

DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB    }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to

_____ on the
_____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.

_____

NOTARY PUBLIC
MY COMMISSION EXPIRES

_____



**MONICA Z. NOTZON**
JUDGE, 111ᵀᴴ DISTRICT COURT
1110 VICTORIA SUITE #301 3ᴿᴰ FLOOR
LAREDO, TEXAS 78040
OFFICE (956)523-4230
FAX (956)523-5088

ABEL SOLIZ
CIVIL COURT COORDINATOR
(956)523-4226

FERNANDO RAMOS
BAILIFF
(956)523-4227

February 22, 2019

CAUSE NO.: 2019CVH000330D2

STYLE: REYNALDO GONZALEZ
VS
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

## NOTICE OF CALENDAR CALL

Please take notice that this case is set for Calendar Call on 05/15/2019 at 11:00 AM at the 111ᵗʰ District Court, 3ʳᵈ Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Monica Z. Notzon. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Abel Soliz
Civil Court Coordinator
111ᵗʰ District Court

Filed
2/19/2019 3:38 PM
Esther Degollado
District Clerk
Webb District
Arlene Gonzalez
2019CVH000330D2

CAUSE NO._____

| | | |
|---|---|---|
| REYNALDO GONZALEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff REYNALDO GONZALEZ, files this Original Petition against ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ("ALLSTATE" or "INSURANCE DEFENDANT"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Webb County, Texas.

Defendant ALLSTATE is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

1

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136, or wherever else it may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Webb County, Texas because all or part of the conduct giving rise to the causes of action were committed in Webb County, Texas and the Plaintiff and property which is the subject of this suit are located in Webb County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 5508 Alabama Ave, Laredo, Texas 78041 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, on or around April 11, 2017, under Policy No. 000829879522 and Claim No. 0453187494, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. After its representative conducted an inspection of

2

Plaintiff's home and property, INSURANCE DEFENDANT acknowledged that wind and/or hail damage was apparent. However, INSURANCE DEFENDANT did not account for all damages that occurred to the property, including complete and total replacement of the roof, which is warranted and necessary under the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT grossly undervalued the cost of repairs and failed to provide Plaintiff with any payment due to their estimate of damages falling below the deductible amount. Plaintiff for the damage caused by the above-mentioned storm INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the

3

damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

4

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.    BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with

5

Plaintiff.

## B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### 1. UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2. THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

7

## VII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of INSURANCE DEFENDANT'S mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as ten (10) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to

8

engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### VIII.

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

9

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE

DEFENDANT provide the information required in a Request for Disclosure.

## X.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that

the damages sought are in an amount within the jurisdictional limits of this Court. In an effort to

comply with the Texas law and procedure, Plaintiff seeks only monetary relief of $100,000.00 or

less including damages of any kind, penalties, costs, pre-judgment interest and attorney's fees.

Furthermore, Plaintiff's damages do not exceed $74,999.99. Therefore, all the damages described

in this petition are within the jurisdictional limits of the Court. Additionally, Plaintiff offers the

following stipulation: Plaintiff, both individually and through any other assumed name who seeks

damages against Defendant, and Plaintiff's heirs and assigns who may also seek damage against

Defendant will neither seek nor accept from Defendant any damages, recovery, or award which may be rendered in the above-captioned matter in excess of Seventy-Four Thousand Nine Hundred Ninety-Nine and 99/100 Dollars ($74,999.99), exclusive of interest and costs. Plaintiff further stipulates that "damages, recovery, or award" include exemplary and punitive damages, penalties, and interest for attorney's fees, interest awarded as damages pursuant to Texas Ins. Code § 542.152, and penalties pursuant to Texas Business and Commerce Code Chapter 17, either independently, or by virtue of the Texas Ins. Code § 541.151, but are still exclusive of interests and costs.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:      (210) 490-7402
Facsimile:      (210) 490-8372


BY:   /s/Lauren Spencer
          Robert A. Pollom
          State Bar No. 24041703
          robert@krwlawyers.com
          Lauren Spencer
          State Bar No. 24096336
          lauren.spencer@krwlawyers.com


ATTORNEYS FOR PLAINTIFF


**PLAINTIFF REQUESTS A TRIAL BY JURY**

File
2/19/2019 3:38 PM
Esther Degollad
District Cler
Webb Distric
Arlene Gonzale:
2019CVH000330D:

CAUSE NO. _____

| | | |
|---|---|---|
| REYNALDO GONZALEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | ____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO
## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

TO:   DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, by and
through its counsel of record, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX
75201-3136.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named

Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (hereinafter referred

to as "Defendant"), disclose, within fifty (50) days after the date of service of this request, the information

or material described in the following request for production.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:    (210) 490-7402
Telefacsimile: (210) 490-8372

BY:   */s/ Lauren Spencer*   _____
ROBERT A. POLLOM
State Bar No. 24041703
LAUREN SPENCER
State Bar No. 24096336

ATTORNEYS FOR PLAINTIFF

Page 1 of 10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served, via personal service, along with Plaintiff's Original Petition, to the following representative for the Defendant:

C T Corporation System
1999 Bryan St., Ste. 900
Dallas TX 75201-3136

on this the 29th day of February, 2019.

*/s/ Lauren Spencer*
LAUREN SPENCER

## INSTRUCTIONS

1.      Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number(s). There is a duty to supplement any answer made to the request for documents when the original answer is no longer true, or was incorrect or incomplete when made.

2.      For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other applicable ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person to whom it was addressed, circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; the document's present location; and the custodian for the document.

3.      For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.      The documents produced pursuant to the following requests for documents are considered to be authentic unless a proper objection is asserted as to the documents' authenticity under the Texas Rules of Civil Procedure.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.     "PLAINTIFF'" means REYNALDO GONZALEZ, along with his family members, agents, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, including any attorney.

2.     "DEFENDANT," means ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

3.     "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all nonidentical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of

entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4.      "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5.      "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6.      "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7.      "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.      "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind. The term "communication" also includes, without limitations, all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9.     "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or.2000 (MDB) formal, Dbase (DU) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format ‘definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10.     "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.     "DESCRIBE" and "IDENTIFY," when referring to a person, require statements of the following:

a     The full name.
b.    The present or last known residential address.
c.    The present or last known residential and office telephone numbers.
d.    The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
e.    In the case of any person other than an individual, identify the officer, employee, or agent
·     most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

12.     "DESCRIBE" and IDENTIFY," when referring to a document, are defined to require that you state the following:

a.    The nature (e.g., letter, handwritten note) of the document
b.    The title or heading that appears on the document
c     The date of the document and the date of each addendum supplement, or other addition or change.
d.    The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
e     The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

13.     The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.     "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15.     The term "LAWSUIT" means Cause No. _____; *Reynaldo Gonzalez v. Allstate Vehicle and Property Insurance Company*; In the ____ Judicial District Court of Webb County, Texas.

16.     "RESIDENCE" and/or "PROPERTY" refers to the home located at 5508 Alabama Avenue, Laredo, TX 78041.

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

1. The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit.

RESPONSE:

2. All training and educational materials which instruct Defendant's claims adjusters or claims handlers in handling claims for property damage coverage under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

3. All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

4. All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, including the criteria for and the process for evaluating whether coverage exists under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

5. All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, hurricane damage, hail, water damage, roof damages, and/or wind damage to the house, including the criteria, for and the process for, evaluating whether coverage exists under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

6. All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim(s).

RESPONSE:

7.  All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff's claim(s).

RESPONSE:

8.  Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiff under their homeowner insurance policy/policies with Defendant, specifically regarding damage to the: exterior and interior of Plaintiff's Property, This request is limited to the last ten (10) years.

RESPONSE:

9.  Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property made the basis of this lawsuit.

RESPONSE:

10. Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

RESPONSE:

11. Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

RESPONSE:

12. Any and all activity logs relating to Plaintiff's claim(s) for property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage to her property, and specifically, the claim(s) made the basis of this suit.

RESPONSE:

13. Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

RESPONSE:

14. Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

RESPONSE:

15. The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit.

RESPONSE:

Filed
2/19/2019 3:38 PM
Esther Degollado
District Clerk
Webb District
Arlene Gonzalez
2019CVH000330D2

CAUSE NO. _____

| | | |
|---|---|---|
| REYNALDO GONZALEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | WEBB COUNTY, TEXAS |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

TO: DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, by and through its counsel of record, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named

Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (hereinafter referred

to as "Defendant"), disclose, within fifty (50) days after the date of service of this request, the information

or material described in the following set of interrogatories.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:    (210) 490-7402
Telefacsimile: (210) 490-8372

BY:    */s/ Lauren Spencer*_____
ROBERT A. POLLOM
State Bar No. 24041703
LAUREN SPENCER
State Bar No. 24096336

ATTORNEYS FOR PLAINTIFF

Page 1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served, via personal service, along with Plaintiff's Original Petition, to the following representative for the Defendant:

C T Corporation System
1999 Bryan St., Ste. 900
Dallas TX 75201-3136

on this the 19th day of February, 2019.

/s/ Lauren Spencer
LAUREN SPENCER

## INSTRUCTIONS

1.      Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number(s). There is a duty to supplement any answer made to the request for documents when the original answer is no longer true, or was incorrect or incomplete when made.

2.      For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other applicable ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person to whom it was addressed, circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; the document's present location; and the custodian for the document.

3.      For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.      The documents produced pursuant to the following requests for documents are considered to be authentic unless a proper objection is asserted as to the documents' authenticity under the Texas Rules of Civil Procedure.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.    "PLAINTIFF'" means REYNALDO GONZALEZ, along with his family members, agents, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, including any attorney.

2.    "DEFENDANT," means ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

3.    "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all nonidentical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of

entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4.      "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5.      "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6.      "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7.      "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.      "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind. The term "communication" also includes, without limitations, all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9.    "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or.2000 (MDB) formal, Dbase (DU) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10.    "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.    "DESCRIBE" and "IDENTIFY," when referring to a person, require statements of the following:

a      The full name.
b.     The present or last known residential address.
c.     The present or last known residential and office telephone numbers.
d.     The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
e.     In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

12.    "DESCRIBE" and IDENTIFY," when referring to a document, are defined to require that you state the following:

a.     The nature (e.g., letter, handwritten note) of the document
b.     The title or heading that appears on the document
c      The date of the document and the date of each addendum supplement, or other addition or change.
d      The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

e      The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

13.    The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.    "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15.    The term "LAWSUIT" means Cause No. _____; *Reynaldo Gonzalez v. Allstate Vehicle and Property Insurance Company*; In the _____ Judicial District Court of Webb County, Texas.

16.    "RESIDENCE" and/or "PROPERTY" refers to the home located at 5508 Alabama Avenue, Laredo, TX 78041.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

1.    State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

RESPONSE:


2.    State whether Defendant contends that any conditions precedent to Plaintiff's recovery has not been met, whether said conditions be stated in the insurance policy or required by law. If so, state what conditions have not been met.

RESPONSE:


3.    List the date(s) Defendant requested that Plaintiff provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s).

RESPONSE:


4.    List the date(s) Defendant received Plaintiff's notice of claim(s) for coverage for property damages, the date(s) Defendant first acknowledged Plaintiff's notice of claim(s), and in what form the notice of claim was submitted.

RESPONSE:


5.    State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor of the identified person. For any such person who is no longer an employee, agent, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.
RESPONSE:


6.    State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's denial and/or recommendation of denial of Plaintiff's claim(s).

RESPONSE:

7.      State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's failure to pay for Plaintiff's full claims.

RESPONSE:

8.      State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060, the violation of which is alleged in Plaintiff's current live pleading against Defendant.

RESPONSE:

9.      State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055, in that Defendant followed all statutory deadlines, and by no later than the 15th day of notice of the claim (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days acknowledged receipt of the claim, commenced investigation of the claim, and requested any proper documents from Plaintiff's reasonably believed necessary to conduct such investigation, made additional requests during the investigation as necessary, and if acknowledgment of receipt of the claim was not in writing, made record of the date, manner and content, as refuted in Plaintiff's current live pleading against Defendant.

RESPONSE:

10.     State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056, in that Defendant followed all statutory deadlines by notifying Plaintiff's in writing the acceptance or rejection of Plaintiff's claim no later than the 15th business day after receipt of any requested information from Plaintiff's, (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days), including stating the reason if rejected or explanation of why Defendant could not do so within that time, as refuted in Plaintiff's current live pleading against Defendant.

RESPONSE

11.     State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058, in that Defendant after receiving all items, statements, and forms reasonably requested and required under § 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by § 542.060, except where it is found as a result of arbitration or litigation

that a claim received by an insurer is invalid and should not be paid by the insurer, receiving all necessary information, Defendant did not delay in making payments for more than 60 days, as refuted in Plaintiff's current live pleading against Defendant.

RESPONSE:

12.   For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property damage coverage under homeowner/commercial policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.

RESPONSE:

13.   Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiff regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.

RESPONSE:

14.   Identify by name or company name, address, and telephone number any engineer(s) and/or engineering company(s), used to evaluate Plaintiff's claim(s), the name(s) of each prior claim each such person(s) and/or company(s) worked for Defendant, the date(s) of the reports, and the address of the Property for which the inspection was done.

RESPONSE:

15.   For each of the above listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.

RESPONSE:

Filed
2/19/2019 3:38 PM
Esther Degollado
District Clerk
Webb District
Arlene Gonzalez
2019CVH000330D2

CAUSE NO. _____

| | | |
|---|---|---|
| REYNALDO GONZALEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | WEBB COUNTY, TEXAS |

### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO
### DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

TO: DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, by and through its counsel of record, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff hereby serves his First Set of Requests for

Admissions to Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

(hereinafter referred to as "Defendant"), and requests that it answer each request separately, fully and in

writing on or before fifty (50) days after service of these requests.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:    (210) 490-7402
Telefacsimile: (210) 490-8372

BY:    */s/ Lauren Spencer*_____
ROBERT A. POLLOM
State Bar No. 24041703
LAUREN SPENCER
State Bar No. 24096336

ATTORNEYS FOR PLAINTIFF

Page 1 of 9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served, via personal service, along with Plaintiff's Original Petition, to the following representative for the Defendant:

C T Corporation System
1999 Bryan St., Ste. 900
Dallas TX 75201-3136

on this the 19th day of February, 2019.

/s/ Lauren Spencer
LAUREN SPENCER.

## INSTRUCTIONS

1.    Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number(s). There is a duty to supplement any answer made to the request for documents when the original answer is no longer true, or was incorrect or incomplete when made.

2.    For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other applicable ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person to whom it was addressed, circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; the document's present location; and the custodian for the document.

3.    For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.    The documents produced pursuant to the following requests for documents are considered to be authentic unless a proper objection is asserted as to the documents' authenticity under the Texas Rules of Civil Procedure.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.     "PLAINTIFF'" means REYNALDO GONZALEZ, along with his family members, agents, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, including any attorney.

2.     "DEFENDANT," means ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

3.     "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all nonidentical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches;

statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4.  "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5.  "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6.  "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7.  "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.  "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind. The term "communication" also includes, without limitations, all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9.  "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or

otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or.2000 (MDB) format, Dbase (DU) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10.   "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.   "DESCRIBE" and "IDENTIFY," when referring to a person, require statements of the following:

a.   The full name.
b.   The present or last known residential address.
c.   The present or last known residential and office telephone numbers.
d.   The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
e.   In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

12.   "DESCRIBE" and IDENTIFY," when referring to a document, are defined to require that you state the following:

a.   The nature (e.g., letter, handwritten note) of the document
b.   The title or heading that appears on the document
c.   The date of the document and the date of each addendum supplement, or other addition or change.
d.   The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

e.   The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

13.   The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.   "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15.    The term "LAWSUIT" means Cause No. _____; *Reynaldo Gonzalez v. Allstate Vehicle and Property Insurance Company*; In the _____ Judicial District Court of Webb County, Texas.

16.    "RESIDENCE" and/or "PROPERTY" refers to the home located at 5508 Alabama Avenue, Laredo, TX 78041.

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

**REQUEST FOR ADMISSION NO. 1**
Defendant insured Plaintiff's property against wind and hail damage.

**REQUEST FOR ADMISSION NO. 2**
Plaintiff's property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 3**
Plaintiff's property sustained hail damage as a result of the wind and/or hail storm that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 4**
Defendant improperly and unreasonably adjusted Plaintiff's claim.

**REQUEST FOR ADMISSION NO. 5**
Defendant performed an outcome-oriented investigation of Plaintiff's claim.

**REQUEST FOR ADMISSION NO. 6**
Defendant did not conduct a reasonable investigation of Plaintiff's damage.

**REQUEST FOR ADMISSION NO. 7**
Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner.

**REQUEST FOR ADMISSION NO. 8**
Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property was not covered under the Policy.

**REQUEST FOR ADMISSION NO. 9**
It was reasonably clear that Plaintiff's damages exceeded the Policy deductible.

**REQUEST FOR ADMISSION NO. 10**
Defendant has a duty to pay for damages covered under the Policy that are not otherwise excluded.

**REQUEST FOR ADMISSION NO. 11**
Defendant has a duty to conduct a reasonable investigation.

**REQUEST FOR ADMISSION NO. 12**
While handling a claim that is covered under Defendant's policy, Defendant has a duty to give its insureds the benefit of the doubt.

**REQUEST FOR ADMISSION NO. 13**
The date of the occurrence, which caused the damages claimed by Plaintiff is April 11, 2017.

**REQUEST FOR ADMISSION NO. 14**
Defendant's Adjuster did not perform scientific testing regarding the causation of Plaintiff's damages to the roof.

**REQUEST FOR ADMISSION NO. 15**
Defendant conducted a visual inspection only of the Property.